# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

TOMMY LEE VAUGHNS, JR.                                                                    PLAINTIFF
ADC #137761

V.                                     4:07CV00861 SWW/HDY

FAULKNER COUNTY SHERIFF DEPARTMENT                                          DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.
2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

     3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff filed this *pro se* complaint, pursuant to 42 U.S.C. § 1983, on September 19, 2007, alleging a number of constitutional violations. Plaintiff's initial complaint named only the Faulkner County Sheriff's Office as a Defendant, and Plaintiff was directed to file an amended complaint naming individuals who are subject to suit (docket entry #6). On November 23, 2007, Plaintiff filed his amended complaint, adding as Defendants C.O. Pickers, Sgt. Porter, and Cpl. Lane (docket entry #8).

## I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only

if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not be merely conclusory in its allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II. Analysis of Plaintiff's claims

Plaintiff's amended complaint raises six claims: that Lane transported him in a van without seat belts, that he was kept in the county jail without any tuberculosis lights, that he was forced to sleep on the floor, and that he had no use of the law library during his stay at the jail.[1] Plaintiff also contends that the jail has improper nutrition and portions of food, and that Pickers and Porter did not return his clothes and money when he left.

Plaintiff does not allege any injury that he sustained as a result of being transported without seat belts, or as a result of the jail's lack of tuberculosis lights. *See Cummings v. Malone*, 995 F.2d 817, 822 (8th Cir. 1993) (actual injury required to state an Eighth Amendment violation). Likewise, Plaintiff has not identified any prejudice he suffered because of the lack of access to the law library. Such a claim is essentially a claim of denial of access to the Courts. Plaintiff must demonstrate an injury to maintain a viable denial of access to the Courts claim. *Lewis v. Casey*, 518 U.S. 343, 350-

---

[1]Plaintiff's references to the county jail, or jail are apparently the Faulkner County Detention Center.

353 (1996).

Regarding Plaintiff's clam that he was forced to sleep on the floor, the Court notes that a close examination of Plaintiff's amended complaint reveals that Plaintiff was actually provided with a mat from 7 p.m. until 7 a.m., when the mat was then taken away. Plaintiff's lack of a mat to sleep on from 7 a.m to 7 p.m. simply does not amount to a constitutional violation. Additionally Plaintiff has not identified any harm he sustained as a result of the jail's mat policy.

Liberally construing Plaintiff's complaint, he has alleged that the food served at the jail is nutritionally inadequate. However, Plaintiff has not alleged that any named individual Defendant was personally involved in a constitutional violation relating to his food. Additionally, Plaintiff has not identified any injury he sustained as a result of the food he received. To the extent that Plaintiff seeks to hold the sheriff's department liable for inadequate nutrition, the Court notes that the sheriff's department is not subject to suit. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (police and sheriff's departments are not usually considered legal entities subject to suit); *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) (West Memphis Police Department and Paramedic Services are departments of the city government and not separate juridical entities suable as such); *De La Garza v. Kandiyohi County Jail, Correctional Institution*, 18 Fed.Appx. 436 (8th Cir. 2001) (unpublished per curiam) (sheriff's department not a suable entity).

Finally, Plaintiff has asserted that his clothing and money was not returned when he left the jail. While Plaintiff's complaint might articulate a claim for a state action for conversion, he has not stated a constitutional violation. Rather, Plaintiff may pursue his claims in state court. *See Hudson v. Palmer*, 468 U.S. 517, 530-537 (1984) (when state actor deprives individual of personal property, individual does not have a § 1983 claim if state law provides adequate post-deprivation remedy); *McQuillian v. Mercedes-Benz Credit* Corp. 331 Ark. 242, 247; 961 S.W.2d 729, 732 (Ark.1998)

(conversion is a common-law tort action for the wrongful possession or disposition of another's property).

In summary, the majority of conduct Plaintiff describes in his complaint, even if true, does not amount to a constitutional violation. With respect to the food, Plaintiff has not alleged any personal involvement by any individual Plaintiff. Finally, Plaintiff has failed to identify any injury he sustained as a result of any of the conduct he alleged in his complaint. Accordingly, Plaintiff's complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.   Plaintiff's complaint be DISMISSED WITH PREJUDICE for the failure to state a claim upon which relief may be granted.

2.   This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.   The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

DATED this __7__ day of December, 2007.

*H. Daniel Young*
_____
UNITED STATES MAGISTRATE JUDGE